## ROBERTS *v.* BAUMGARTEN *et al.*

*(Superior Court of New York City, Special Term.* February 12, 1890.)

NEW TRIAL—JUDGMENT ABSOLUTE BY COURT OF APPEALS.

    A judgment in ejectment entered by the court of appeals, pursuant to a stipulation by appellant under Code Civil Proc. N. Y. § 191, subd. 1, that judgment absolute should be entered against him, if the order of the general term granting a new trial should be affirmed, is not within section 1525, providing that a new trial may be had as a matter of right "after a final judgment rendered upon an issue of fact."

    Ejectment by Edward Roberts against August Baumgarten and others. The cause was tried by the court, a jury having been waived, and judgment was given for plaintiff. Defendant appealed to the general term, where the judgment was reversed, (51 N. Y. Super. Ct. 482,) and on appeal by plaintiff the court of appeals affirmed the order of the general term, (18 N. E. Rep. 96.) Plaintiff, on his appeal to the court of appeals, stipulated that, if the order of the general term should be affirmed, judgment absolute should be entered for defendant. After the decision by the court of appeals a new trial was granted on plaintiff's motion. Defendants now move to vacate such order. The provisions of the Code of Civil Procedure referred to in the opinion are as follows: Section 191, subd. 1: "An appeal cannot be taken from an order granting a new trial, on a case or exceptions, unless the notice of appeal contains an assent, on the part of the appellant, that, if the order is affirmed, judgment absolute shall be rendered against the appellant." Section 1524: "Except in a case where it is otherwise expressly prescribed in this act, a final judgment in an action specified in this article, rendered upon the trial of

an issue of fact, is conclusive, as to the title established in the action, upon each party against whom it is rendered, and every person claiming from, through, or under him, by title accruing, either after the judgment roll is filed, or after a notice of the pendency of the action is filed in the proper county clerk's office, as prescribed in article ninth of this title." Section 1525: "The court, at any time within three years after such a judgment is rendered, and the judgment roll is filed, upon the application of the party against whom it was rendered, his heir, devisee, or assignee, and upon payment of all costs and all damages, other than for rents and profits, or for use and occupation, awarded thereby to the adverse party, must make an order vacating the judgment, and granting a new trial in the action. The court, upon a like application, made within two years after the second final judgment is rendered, and the judgment roll is final, may make an order vacating the second judgment, and granting a new trial, upon the like terms, if it is satisfied that justice will be thereby promoted, and the rights of the parties more satisfactorily ascertained and established. Not more than two new trials shall be granted under this section."

D. G. Rollins, for plaintiff. Cephas Brainerd, for defendants.

DUGRO, J. It seems that the Code provisions requiring a stipulation for judgment absolute against an appellant, if an order granting a new trial is affirmed, (subdivision 1, § 191, Code Civil Proc.; subdivision 2, § 11, Code Proc.,) remained substantially unchanged, so far as they affect the question under consideration, during the existence of at least four different provisions as to new trials in ejectment actions; so that, in endeavoring to interpret subdivision 1, § 191, and sections 1524, 1525, Code Civil Proc., with respect to each other, the question is chiefly as to the intention of the law-makers in originally requiring the assent, and as to their intention in enacting sections 1524, 1525, of the present Code. In 1857, section 11 of the Code of Procedure was amended so as to require a stipulation for judgment absolute in cases where an appeal was taken to the court of appeals from an order granting a new trial. At that time, and up to the passage of the act of 1861, the Revised Statutes provided that in ejectment actions a second trial, as a matter of right, could be had after judgment, where the judgment had been rendered upon a verdict. This right was allowed in order to afford a way for relief against the accidents and misfortunes to which jury trials are peculiarly liable. Bay v. Gage, 36 Barb. 448. In cases where the judgment had been entered after the stipulation, the assent being optional, none of the risks incident to jury trials were incurred. So the reason which induced the allowance of a new trial in cases where a judgment had been rendered on a verdict would not apply to cases where the judgment had been rendered upon the stipulation. It therefore appears that the stipulation required was one for judgment absolute as against the right of an appellant, inclusive of his right to a new trial after judgment, and the giving of the stipulation operated accordingly. Chapter 221, Laws 1861, amended the Revised Statutes so that a new trial as a matter of right could be had after any judgment in an action of ejectment, but this sweeping privilege was speedily cut down by an amendment, (chapter 485, Laws 1862,) which provided, in effect, that a new trial could be had as of right in an action of ejectment after "judgment rendered upon a verdict of a jury or a report of a referee upon the facts, or upon a decision of a single judge upon the facts." By the Code of Civil Procedure the law was again changed, so that it is now provided that a new trial may be had as a matter of right in the actions referred to "after a final judgment * * * rendered upon the trial of an issue of fact." Sections 1524, 1525. From a consideration of these changes in the law, I am unable to discern any reason which would afford a fair basis for opinion that the effect of making the stipulation as to judgment absolute is now otherwise than it was in 1857, when the assent was

first required.   In addition, it may be said that, in the present action, there is no judgment which was rendered upon a trial; the only one now in existence was rendered upon a stipulation, and it stands, in effect, as a judgment entered by consent.   For these reasons it seems that the judgment rendered by the court of appeals in this action was not such a judgment as is referred to in section 1525 of the Code of Civil Procedure.   The necessary conclusion is that in an action of ejectment, after judgment absolute rendered by the court of appeals upon the right of an appellant who has assented, as required by section 191 of the Code, no right to a new trial exists by virtue of section 1525.   The motion to vacate the order of January 17th is granted.